IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAMONT ZAMICHIELI, | : |
|     Petitioner | : |
|     v. | : Case No. 3:25-cv-307-KAP |
| SUPERINTENDENT DAVID CLOSE, | : |
| S.C.I. HOUTZDALE, | : |
|     Respondent | : |

<u>Memorandum Order</u>

    In September 2025, petitioner Zamichieli, currently imprisoned at S.C.I. Houtzdale in Clearfield County in the Western District of Pennsylvania, submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that his custody as a result of a conviction and sentence in the Court of Common Pleas of Huntingdon County at <u>Commonwealth v. Zamichieli</u>, Case no. CP-31-CR-418-2017 (C.P. Huntingdon) violated the constitution. For the history of the prosecution, *see* <u>Commonwealth v. Zamichieli</u>, 339 A.3d 446 table, text at 2025 WL 1233630 (Pa. Super. April 29, 2025). *See also* <u>Commonwealth v. Zamichieli</u>, 339 A.3d 430 table, text at 2025 WL 1178595 (Pa. Super. April 23, 2025)(discussing history of petitioner's conviction in the Court of Common Pleas of Cumberland County at <u>Commonwealth v. Zamichieli</u>, Case no. CP-21-CR-560-2021 (C.P. Cumberland). *See also* <u>Commonwealth v. Zamichieli</u>, 2019 WL 666671 (Pa. Super., 2019)(discussing history of petitioner's conviction in the Court of Common Pleas of Philadelphia County at <u>Commonwealth v. Zamichieli</u>, Case no. CP-51-CR-12660-2014 (C.P. Philadelphia).

    Huntingdon County is in the Middle District of Pennsylvania. Both this Court and the United States District Court for the Middle District of Pennsylvania have jurisdiction to hear this petition and venue is proper in both districts.

    Transferring this case to the Middle District is "in the interest of justice." *See* 28 U.S.C. § 1404(a) ("For convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.") Traditional venue considerations, including the preference usually given to the district where the relevant events took place, apply in habeas. *See* <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 493-94 (1973). In particular, it has been the practice of the federal courts in Pennsylvania to transfer habeas corpus petitions to the district where the Common Pleas Court is located that conducted the underlying criminal trial of and/or imposed sentence on the petitioner. <u>Ortiz v. Pennsylvania</u>, 2010 WL 936448 at *1 (M.D. Pa. March 15, 2010) (Munley, J. transferring petition from the district where petitioner is in custody to the district where petitioner was convicted "in

keeping with [the] agreed practice of the United States District Courts for the Middle, Eastern, and Western Districts of Pennsylvania."); Nightingale v. Vincent, 2008 WL 1943427 at *2 (W.D. Pa. May 2, 2008) (recommendation of Caiazza, M.J., adopted by Gibson, J.: "Moreover, the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district which encompasses the county in which the petitioner was convicted."); see also Rouzer v. Di Guglielmo, 2007 WL 853750 at *1 (E.D. Pa. March 20, 2007), recommendation of Strawbridge, M.J. adopted by Savage, J.).

The Clerk shall transfer this matter to the United States District Court for the Middle District of Pennsylvania for disposition of all matters as that Court deems appropriate.

This is a non-dispositive pretrial order, Smith v. Ebbert, 2021 WL 1986416, at *1 n.2 (W.D. Pa. May 18, 2021)(discussing authority of Magistrate Judge to transfer, citing inter alia Bond v. McKean County, No. 4:19-CV-1535, 2019 WL 4452228, at *1 n.1 (M.D. Pa. Sept. 17, 2019); see also Reist v. District Attorney of Blair County, Case No. 3:24-cv-169-MPK (W.D. Pa. August 19, 2024), so in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed seventeen (17) days from the date of this Order to file an appeal to a District Judge. Any appeal must include the basis for objection to the transfer. Upon expiration of the appeal period the Clerk shall transfer the case and mark this matter closed.

DATE: September 23, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

Lamont Zamichieli LW-2870
S.C.I. Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000