**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAMONT ZAMICHIELI,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:25-1949** |
| **v.** | : | **(JUDGE MANNION)** |
| **SUPERINTENDENT DAVID CLOSE, *et al*.,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Currently before the Court are: (1) *pro se* Petitioner Lamont Zamichieli ("Zamichieli")'s second motion for a default judgment; (2) Respondents' two motions for additional extensions of time to file their response/answer to Zamichieli's petition for a writ of habeas corpus under 28 U.S.C. §2254; (3) Zamichieli's motion for an extension of time to file his reply brief in further support of his Section 2254 petition; (4) Zamichieli's motion for bail; (5) Zamichieli's motion for an order directing Respondents to file certain additional state court records on the docket in this case; (6) Zamichieli's motion for leave to request discovery—in the form of requests for admissions—from Respondents; and (7) Zamichieli's motion for recusal. For the reasons stated below, the Court will: (1) deny Zamichieli's motion for a default judgment, motion for bail, and motion for recusal; (2) deem withdrawn

Zamichieli's motion seeking an order directing them to file additional state court records on the docket due to his failure to file a supporting brief as well as his motion for leave to serve discovery requests upon Respondents; and (3) grant the parties' motions for extensions of time.

## I. BACKGROUND

Zamichieli is currently serving a state sentence of a minimum of four-and-a-half years to a maximum of fourteen years after a jury sitting in the Court of Common Pleas of Huntingdon County convicted him of two counts of aggravated harassment by a prisoner (18 Pa. C.S. §2703.1), one count of indecent assault (18 Pa. C.S. §3126(a)(1)), and one count of harassment (18 Pa. C.S. §2709(a)(4)) in March 2019. *See* (Doc. 2 at 1); *Commonwealth v. Zamichieli*, No. 794 MDA 2019, 2019 WL 7000025, at *1 (Pa. Super. Ct. Dec. 20, 2019) ("*Zamichieli I*"). After unsuccessfully challenging his convictions and sentences in the Pennsylvania state courts, *see Zamichieli I*, 2009 WL 7000025, at *1, 5; *Commonwealth v. Zamichieli*, No. 1420 MDA 2024, 2025 WL 1233630, at *1, 10 (Pa. Super. Ct. July 8, 2025), Zamichieli commenced the instant action by filing his Section 2254 petition and supporting brief in the Western District of Pennsylvania ("WDPA") on September 14, 2025.

(Doc. 2.)[1] On September 23, 2025, the WDPA transferred the case to this Court (Doc. 4), although it does not appear that it was electronically transferred until October 16, 2025 (Doc. 6).

The following day, the Court issued an Order which, *inter alia*, directed Respondents to file a response/answer to Zamichieli's habeas petition within twenty-one days. (Doc. 8.) However, Respondents did not file their response to Zamichieli's petition; as such, the Court issued a second Order on November 24, 2025, which required Respondents to file a response within twenty-one days and warned them that a failure to file a response could result in the imposition of sanctions. (Doc. 10.)

On November 28, 2025, Zamichieli filed a motion for an extension of time to file a reply brief and a motion to sanction Respondents for their failure to serve an answer (Doc. 11). On December 2, 2025, the Court issued an Order denying Zamichieli's motions as premature. (Doc. 12.)

---

[1] Under the federal "prisoner mailbox rule," a *pro se* prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Zamichieli declares that he placed his Section 2254 habeas petition in the prison mailing system on September 14, 2025. *See* (Doc. 2 at 19). As such, the Court uses September 14, 2025, as the petition's filing date even though it appears that the WDPA did not docket it until September 18, 2025. (Doc. 1.)

Unfortunately, Respondents again did not file a response to Zamichieli's petition or a motion seeking an extension of time, which led to Zamichieli filing both a motion for entry of default and a motion for a default judgment on January 15, 2026. (Docs. 13, 14.) On January 20, 2026, the Court issued an Order explaining that even though Zamichieli "ha[d] a good[-]faith basis to seek entry of default insofar as Respondents ha[d] yet to respond to his habeas petition," the Court could not grant his motions because "default judgments are unavailable in Section 2254 habeas proceedings [insofar as] petitioners must demonstrate that they are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (Doc. 15 at 2–3 (quoting 28 U.S.C. §2254(a) and citing *Walker v. Douglas*, No. 25-1215, 2025 WL 2536054, at *5 (6th Cir. Aug. 5, 2025) (nonprecedential), *cert. denied*, 146 S.Ct. 2628 (2026), *Quinones-Torres v. United States*, 240 F. App'x 876, 878 (1st Cir. 2007) (nonprecedential), *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990), and *Stinson v. Wakefield*, No. 07-cv-1237, 2017 WL 878425, at *3 (M.D. Pa. Mar. 6, 2017)). The Court also again attempted to get Respondents to file their response to Zamichieli's petition by directing the Clerk of Court to serve Zamichieli's petition and the Court's Orders upon them by certified mail. *See* (*id.* at 3–4). The Court also provided Respondents with a period of twenty-one days to

file their response to the petition and warned them that the failure to file a response could result in the imposition of sanctions. *See* (*id.* at 4).

On February 25, 2026, Respondents, acting through the Office of the Pennsylvania Attorney General ("OAG"), filed a motion for an extension of time until May 11, 2026, to file their response. (Doc. 20.)[2] On March 2, 2026, the Court issued an Order granting Respondents' motion for an extension of time and extending the time for them to file their response until May 11, 2026. (Doc. 22.)

Although the Court granted Respondents this extension of time to file their response, Zamichieli filed another motion for a default judgment, along with a supporting brief, both of which the Clerk of Court docketed on March

---

[2] In this motion, the OAG indicated that pursuant to an "existing understanding and agreement" between it and the Huntingdon County District Attorney's Office ("DA's Office"), the DA's Office was counsel of record for Respondents during the times that the Court directed Respondents to respond to Zamichieli's petition. *See* (*id.* ¶¶4–10). Then, on February 10, 2026, which was the Court's most-recent deadline for Respondents' response, the DA's Office transmitted a request to the OAG that it assume responsibility for representing Respondents in this case because "it had only one attorney[,] . . . limited resources, manpower, and time . . . ." *See* (*id.* ¶11). Two days later, the OAG agreed to represent Respondents, and it was the first time that their current counsel became aware of the case. *See* (*id.* ¶¶12–13). Counsel then attempted to access the docket in this case through PACER but was unable to do so due to new security features adopted by the PACER system. *See* (*id.* ¶14). Counsel was finally able to access the docket through PACER on February 24, 2026, and filed Respondents' motion for an extension of time the following day. *See* (*id.* ¶¶15–16).

30, 2026. (Docs. 25, 26.) Then, on May 11, 2026, Respondents filed their second motion for an extension of time to file their response. (Doc. 27.) They later filed a third motion for an extension of time to file their response on May 29, 2026 (Doc. 30), as well as their response to Zamichieli's petition on June 5, 2026 (Doc. 31).

In addition to the above motions, Zamichieli filed (1) a motion for bail and a supporting brief (Docs. 28, 29), (2) a motion for an order directing Respondents to file additional state court records on the docket (Doc. 33), (3) a motion for an extension of time to file his reply brief (Doc. 34), (4) his reply brief (Doc. 35), (5) a motion seeking leave to serve discovery requests in the form of requests for admissions on Respondents as well as his proposed requests for admissions (Docs. 36, 37), and (6) a motion for recusal of the undersigned. All the pending motions are ripe for disposition.

## II. DISCUSSION

### A. Zamichieli's Motion for a Default Judgment

Zamichieli once again seeks a default judgment (Docs. 25–26) even though the Court already explained to him that he cannot obtain a default judgment in this case simply because Respondents did not file a response/answer to his habeas petition despite being ordered to do so. *See* (Doc. 15 at 2–3). Moreover, by the time Zamichieli filed his motion, the Court

had already extended the time for Respondents to file their response, meaning that they were not in default as that legal concept pertains to non-habeas civil actions. (Doc. 22.) Accordingly, the Court will deny Zamichieli's second motion for a default judgment as frivolous and meritless.

**B. The Parties' Motions for Extensions of Time**

Respondents move for an extension of time to file their response to Zamichieli's habeas petition (Docs. 27, 30), and Zamichieli seeks an extension of time to file his reply brief in further support of his habeas petition (Doc. 34). After reviewing these motions, the Court finds that the parties set forth good cause for the requested extensions in their motions. *See* Fed. R. Civ. P. 6(b)(1)(A) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ."). As such, the Court will grant their motions and deem Respondents' response to Zamichieli's habeas petition as well as Zamichieli's reply brief in further support of his habeas petition to be timely filed.

**C. Zamichieli's Motion for Bail**

Zamichieli moves for an Order granting him bail until the resolution of his habeas petition (Doc. 28). A district court has the authority "to grant bail

to a state prisoner prior to ruling on the prisoner's petition for habeas corpus." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (citing *In re Shuttlesworth*, 369 U.S. 35, 35 (1962)); *see also In re Shuttlesworth*, 369 U.S. at 35 (directing that after petitioner seeks bail from state court, district court should "proceed to hear and determine the cause, including any application for bail pending that court's final disposition of the matter"); *Lucas v. Hadden*, 790 F.2d 365, 367 (3d Cir. 1986) (acknowledging the district court's inherent authority to grant such bail in the Section 2254 context). However, "'[b]ail is an exceptional form of relief in a habeas corpus proceeding' and the standard for granting bail in such proceedings is strict." *Ingram v. Sauers*, No. 12-cv-1900, 2014 WL 12704694, at *1 (M.D. Pa. July 1, 2014) (citing *Lucas*, 790 F.2d at 367)); *see also Singleton v. Piazza*, No. 05-cv-6685, 2006 WL 2520581, at *2 (E.D. Pa. Aug. 25, 2006) (explaining that a habeas petitioner seeking bail pending resolution of their habeas petition has a "high burden"). As such, the habeas petitioner must show "exceptional circumstances that would justify a grant of bail." *Lucas*, 790 F.2d at 368; *Landano*, 970 F.2d at 1239 (explaining that "the factual predicate for the exercise" of a district court's power "to grant bail pending review of the habeas petition of a state prisoner . . . was a finding of 'extraordinary

circumstances'" (citing *Lucas*, 790 F.2d at 367)).[3] As for the required showing of extraordinary circumstances, "[v]ery few cases have presented

---

[3] In *Landano*, the Third Circuit Court of Appeals explained that both the Fifth and Eighth Circuits held that "bail pending post-conviction habeas corpus review was available 'only when the petitioner has raised substantial constitutional claims upon which [they have] a high probability of success, *and* also when extraordinarily or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" 970 F.2d at 1239 (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974) and citing *Martin v. Solem*, 801 F.2d 324, 329 (8th Cir. 1986)). This "standard is conjunctive; that is, Petitioner must establish both a substantial constitutional claim upon which [they have] a high likelihood of success and extraordinary circumstances for [the court] to grant [them] bail." *Ingram v. PBPP*, No. 23-cv-565, 2023 WL 6129539, at *1 (W.D. Pa. Sept. 19, 2023) (citations omitted). Several district courts consider the Third Circuit to have adopted this conjunctive standard in *Landano* and, consequently, have applied it to Section 2254 habeas petitioners' motions for bail. *See, e.g.*, *Hudler v. Union Cnty.*, No. 21-cv-5, 2021 WL 963452, at *1 (M.D. Pa. Mar. 15, 2021) ("In other words, the district court's authority to grant state bail should be exercised . . . only when a petitioner has presented a substantial meritorious constitutional claim and exceptional circumstances render the exercise of that authority necessary effectively to preserve the habeas remedy." (omission in original) (citations and internal quotation marks omitted)); *Kennedy v. Mason*, No. 20-cv-3512, 2021 WL 106378, at *1 (E.D. Pa. Jan. 11, 2021) ("The grant of release on bail is appropriate in habeas cases only where: 1) the petitioner has raised 'substantial constitutional claims upon which he has a high probability of success'; and, 2) 'extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" (quoting *Landano*, 970 F.2d at 1239)). However, at least one district court has viewed *Landano* as establishing different standards for state and federal habeas petitioners, with state prisoners having a burden to show only extraordinary circumstances. *See Roe v. Oddo*, No. 25-cv-18, 2025 WL 3030692, at *16 (W.D. Pa. Oct. 30, 2025) ("[W]hen a state habeas petitioner seeks bail pending adjudication of [their] underlying petition, the factual predicate remains the extraordinary circumstances prong, but when the matter

*(footnote continued on next page)*

extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." *Landano*, 970 F.2d at 1239.

Here, Zamichieli falls far short of demonstrating that extraordinary circumstances warrant the Court granting him bail in this case. Outside of arguing that his habeas claims have merit, he mainly focuses on Respondents' delay in responding to his habeas petition as justifying his release on bail. *See* (Doc. 29 at 1–2, 8–9). While it is unfortunate that there has been a delay in Respondents filing a response to Zamichieli's habeas petition, this delay, especially considering that Zamichieli still has several years to serve towards his maximum sentence, is not an extraordinary circumstance warranting his release on bail while the Court resolves his habeas petition. Accordingly, the Court will deny Zamichieli's motion for bail pending resolution of his habeas petition.

---

involves a federal habeas petitioner, the Third Circuit has made clear that both prongs must be met to justify a grant of bail."). Nevertheless, for purposes of this Memorandum, the Court need not address this issue, since the Third Circuit clearly indicated that all habeas petitioners must show extraordinary circumstances warranting bail and Zamichieli fails to do so here.

### D. Zamichieli's Motion for an Order Directing Respondents to Submit Additional State Court Records on the Docket

Although Respondents attached numerous documents from the state court record to their response to Zamichieli's habeas petition, *see* (Doc. 31-1–31-32), Zamichieli moves for an order directing Respondents to produce the following additional documents: (1) a transcript of his preliminary hearing on August 28, 2017, which appears to have been docketed on September 13, 2017; (2) a March 5, 2018 criminal continuance request with order; (3) a May 7, 2018 order continuing jury selection to July 2, 2018; (4) a bill of costs filed on August 27, 2018; (5) the Commonwealth's trial exhibits 8, 21, and 22; (6) a transcript of jury selection on July 2, 2018; (7) a transcript of jury selection on March 11, 2019; (8) the Commonwealth's August 29, 2024 brief in support of dismissal of Zamichieli's Post Conviction Relief Act petition; (9) his motion for reconsideration/reargument filed in the Superior Court on May 12, 2025; and (10) the Commonwealth's Superior Court brief. *See* (Doc. 33 at 1–2). However, Zamichieli did not file a brief in support of this motion as required by the Local Rules. *See* M.D. Pa. L.R. 7.5 ("Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."). Therefore, the Court will deem Zamichieli's motion withdrawn. If Zamichieli

desires an order directing Respondents to produce the aforementioned documents, he may file an appropriate motion and brief in support of the motion.

### E. Zamichieli's Motion for Leave to Request Discovery

Zamichieli also moves for an order permitting him to submit written discovery requests to Respondents pursuant to Rule 6 of the Rules Governing Section 2254 Cases. (Doc. 36.) In particular, he seeks permission to serve Respondents with thirty-five requests for admissions. *See* (*id.* at 1–2; Doc. 37 at 2–8). It appears that he seeks this discovery because he claims that Respondents have not submitted all relevant documents from the state court record with their response to his habeas petition. *See* (Doc. 36 at 1).

As with his prior motion, Zamichieli did not file a brief in support of this motion as required by the Local Rules. Therefore, the Court will deem this motion withdrawn.[4]

---

[4] Even if the Court did not deem this motion withdrawn, the Court would deny it because Zamichieli fails to establish good cause for the requested discovery based on the information contained in his motion. *See* R. 6(a), 28 U.S.C. foll. §2254 ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.").

### F. Zamichieli's Motion for Recusal

Zamichieli moves for the undersigned's recusal from this case based on the undersigned's alleged "personal bias." *See* (Doc. 38 at 1). He asserts in his "Affidavit of Facts" attached to his motion that, *inter alia*, this Court has wrongfully delayed his habeas proceedings, "always attempts to justify Respondents' bad faith delay and failure to follow/comply with orders," and "intentionally decides in favor of Respondents in bad faith." (*Id.* (cleaned up)). He also asserts that the undersigned "dislike[s]" him because he previously filed a judicial misconduct complaint apparently related to other civil actions he filed that were assigned to the undersigned. (*Id.* at 2.) As for those other civil actions, Zamichieli points out that he filed four civil rights actions,[5] and the undersigned issued "adverse decisions" after "excessive [d]elay," resulting in Zamichieli settling three of them "to avoid any further future excessive delay . . . or [a]dverse bias [sic] decisions." (*Id.* at 3–4.)

Zamichieli bases his motion for recusal on two federal statutes: 28 U.S.C. §144 and 28 U.S.C. §455. Section 144 provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom

---

[5] Zamichieli identifies those actions as: *Zamichieli v. Delbalso*, No. 17-cv-1898 (M.D. Pa.); *Zamichieli v. Ficks*, No. 18-cv-850 (M.D. Pa.); *Zamichieli v. Merritts*, No. 20-cv-180 (M.D. Pa.); and *Zamichieli v. Mihal*, No. 21-1246 (M.D. Pa.). *See* (*id.* at 3).

> the matter is pending has a personal bias or prejudice either against [them] or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. §144. As for Section 455, it requires, *inter alia*, "[a]ny . . . judge . . . of the United States" to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned" as well as "[w]here [they have] a personal bias or prejudice concerning a party . . . ." 28 U.S.C. §§455(a), (b)(1); *see also Petrossian v. Cole*, 613 F. App'x 109, 112 (3d Cir. 2015) (unpublished) (explaining that Section 455 "requires a judge to recuse where [their] impartiality might reasonably be questioned" (citation omitted)).

Here, the Court will deny Zamichieli's motion to recuse. In the first instance, Zamichieli's motion and supporting "Affidavit of Facts" are untimely for purposes of Section 144. To the extent that he bases his motion on the proceedings in his four civil rights cases, the latter three of those civil cases concluded almost three years ago. *See Zamichieli v. Ficks*, No. 18-cv-850 (M.D. Pa.), ECF No. 89 (dismissing case on November 1, 2023, after mediator reported parties agreed to settle) *Zamichieli v. Merritts*, No. 20-cv-

180 (M.D. Pa.), ECF No. 134 (same); and Zamichieli *v. Mihal*, No. 21-1246 (M.D. Pa.), ECF No. 68 (same). As such, Zamichieli was aware of those proceedings for years before filing his motion in this case, which he filed only after the instant case has been pending for more than a year and is fully briefed. *See Shank v. Am. Motors Corp.*, 575 F. Supp. 125, 128 (E.D. Pa. 1983) ("An affidavit is untimely when the party significantly invokes participation by the court in pretrial motions or other judicial proceedings between the time he first learned of the asserted prejudice and the time the §144 motion was filed." (citing *Smith v. Danyo*, 585 F.2d 83, 86 (3d Cir. 1978) and *Samuel v. Univ. of Pittsburgh*, 395 F. Supp. 1275, 1279 (W.D. Pa. 1975), *vacated on other grounds*, 538 F.2d 991 (3d Cir. 1976))). Therefore, Zamichieli's motion, to the extent that he brings it under Section 144, is untimely, and he fails to establish any reason, much less good cause, for failing to file it in a timely manner.

Even if Zamichieli timely filed his motion for recusal to the extent he seeks recusal under Section 144, the Court would deny his motion for several reasons. First, Zamichieli's alleged violations mostly consist of nothing more than a manifestation of his displeasure with the undersigned's rulings and the process through which his cases have been resolved. However, under Sections 144 and 455, "a party's displeasure with legal

rulings does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) (citations omitted). As the Supreme Court has explained:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States v. Grinnell Corp.*, 384 U.S. [563, 583 (1966).] In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, Zamichieli's motion, insofar as he premises it on any decisions adverse to him, is meritless and does not warrant the undersigned's recusal.

Second, the fact that Zamichieli filed a judicial conduct complaint against the undersigned is not a valid ground for recusal. A party's filing of a judicial misconduct complaint is not a ground for recusal because "it would be detrimental to the judicial system if a judge had to disqualify [themselves] anytime someone filed a complaint about [their] conduct. A party would only have to file a complaint to get a different judge." *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1265 (11th Cir. 2009); *see also In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("[A] per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge."); *United States v.*

*Martin-Trigona*, 759 F.2d 1017, 1020–21 (2d Cir. 1985) (concluding that a litigant cannot force a judge's recusal merely by filing a complaint or lawsuit against that judge); *United States v. Moskovits*, No. 87-cr-284-1, 1994 WL 583179, at *5 (E.D. Pa. Oct. 26, 1994) ("If the simple act of filing a complaint, even one which would later prove meritless, would necessitate the recusal of the judge who was the subject of the complaint, litigants would have free reign to wantonly require the recusal of judges at will."). Therefore, Zamichieli's prior filing of a judicial misconduct complaint against the undersigned does not warrant recusal.

Third, and finally, Zamichieli's complaints about any perceived delays in this case or in his other cases does not warrant recusal. "[T]he manner in which a court controls its docket is discretionary." *Conklin v. Kane*, No. 13-cv-3058, 2014 WL 4411593, at *3 (M.D. Pa. Sept. 5, 2014) (citing *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982)), *aff'd*, 634 F. App'x 69 (3d Cir. 2015) (unpublished). Therefore, a litigant's "allegations of inexcusable delay . . . provide no grounds for recusal." *Id.*; *see also Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC*, 793 F.3d 313, 329 (3d Cir. 2015) (denying litigant's request to reassign case to different district judge on remand due to, *inter alia*, district judge's delay in ruling on a motion for preliminary relief because "[w]e have never held that delay alone merits

reassignment"); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) ("Neither the district judge's delay, nor [their] adverse rulings, constitute the sort of 'pervasive bias' that necessitates recusal."); *Lawson v. Godderz*, No. 25-cv-1179, 2025 WL 2419637, at *1 (D. Kan. Aug. 21, 2025) ("This court has hundreds of cases filed every year that require decisions to be entered. Many cases have pending motions that are currently before the court. . . . [D]elay is not a basis for recusal."); *Qualls v. United States*, Nos. 07-cr-14, 09-cr-418, 2018 WL 1513625, at *2 (E.D.N.Y. Mar. 27, 2018) ("Delays in entering judgment or rendering a decision are not bases for recusal."); *Baldyga v. United States*, 337 F. Supp. 2d 264, 270 (D. Mass. 2004) (denying motion for recusal premises on delay in ruling on pending motion because such a delay is not a ground for recusal under any statute or case law); *United States v. LaMorte*, 940 F. Supp. 572, 577 (S.D.N.Y. 1996) (45-month delay in resolving motion did not warrant recusal), *aff'd sub nom. United States v. Moritz*, 112 F.3d 506 (2d Cir. 1997).

Furthermore, although Zamichieli is understandably focused on this case, his case is only one of hundreds of cases assigned to the undersigned each year, and most of those cases involve, at one point or another, pending motions that the undersigned must resolve after giving due consideration to the applicable facts and law. Zamichieli does not argue (and could not argue)

that any delay in resolving pending motions was limited to his case(s) so as to raise a possible suggestion of bias or partiality, and he has not explained how any delays demonstrate bias on the part of the undersigned. *See Wereko v. Rosen*, No. 22-cv-2177, 2022 WL 16573746, at *3 (N.D. Ill. Nov. 1, 2022) (denying motion to recuse due to plaintiffs "perceived lack of progress of the case since its filing [as] suggest[ing] bias on the part of [the district judge]" in part because "delays are inherent in litigation"). Instead, he posits a conclusory and unsupported assertion that the undersigned is biased against him. *See In re Kokinda*, 581 F. App'x 160, 161 (3d Cir. 2014) (unpublished) ("[R]ecusal is not required on the grounds of unsupported, irrational, or highly tenuous speculation." (internal quotation marks and citation omitted)).

"Judges have an obligation to litigants and their colleagues not to remove themselves needlessly." *Matter of Nat'l Union Fire Ins. Co. of Pittsburgh*, 839 F.2d 1226, 1229 (7th Cir. 1988) (citation omitted). In this case, a reasonable person, with knowledge of all the facts, would not conclude that the undersigned's impartiality might reasonably be questioned. Accordingly, the Court will deny Zamichieli's motion to recuse.

## III. CONCLUSION

For the reasons stated above, the Court will: (1) deny Zamichieli's motion for a default judgment, motion for bail, and motion to recuse; (2) deem withdrawn Zamichieli's motion seeking an order directing them to file additional state court records on the docket due to his failure to file a supporting brief as well as his motion for leave to serve discovery requests upon Respondents; and (3) grant the parties' motions for extensions of time. An appropriate Order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 10/14/26
25-1949-01